880 P.2d 1082

Kenneth John **FALCONE**, Plaintiff/Appellant,

v.

**STATE** of Arizona, a body politic; Norman D. Hall, Jr., a judge of the Maricopa County Superior Court, Defendants/Appellees.

No. 2 CA–CV 93–0083.

Court of Appeals of Arizona, Division 2, Department A.

Oct. 28, 1993.

As Corrected Nov. 5, 1993.

Reconsideration Denied Dec. 7, 1993.

Review Denied Sept. 20, 1994.

Kenneth John Falcone, in pro. per.

Grant Woods, Atty. Gen. by Tom Prose and Mark F. Aceto, Phoenix, for defendants/appellees.

## OPINION

LIVERMORE, Presiding Judge.

Plaintiff Kenneth Falcone sued Judge Norman D. Hall, Jr. of Maricopa County Superior Court and the State of Arizona contending that Judge Hall's erroneous habeas corpus ruling violated 42 U.S.C. § 1983 and A.R.S. § 13–4146. He appeals from a dismissal of his complaint. We affirm.

The claim under § 1983 was properly dismissed because Judge Hall was immune from liability under that section. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The state was also not liable. *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

A.R.S. § 13–4146 reads "If a judge, after a proper application is made, refuses to grant an order for a writ of habeas corpus, ... such judge ... shall forfeit and pay to the person aggrieved a sum not exceeding five thousand dollars." The parties have assumed that "grant" means grant the relief to which it is ultimately determined the petitioner is entitled. An examination of the chapter of Title 13 relating to habeas corpus, §§ 13–4121 to 13–4147, which appears to date from 1901, shows that "grant" has a much narrower meaning. Looking especially to §§ 13–4123 and 13–4124, it appears that "grant" means allowed to be filed and served before hearing and disposition. Thus, in § 13–4123 "grant" precedes return on the writ; in § 13–4124 it precedes "determination of the proceeding." Because nothing in the complaint alleges a violation of § 13–4146 as so construed, dismissal of the claim was proper.

Affirmed.

LACAGNINA and HATHAWAY, JJ., concur.